# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA,

       Plaintiff,

v.                            **ORDER**
                               Criminal File No. 14-168 (MJD/LIB)

(1) DARRON ISRAEL SHELTON,
(2) QUONTRELL MARTELL BANNER,
(3) KENNETH MELVIN VINSON,

       Defendants.

Amber M. Brennan, Assistant United States Attorney, Counsel for Plaintiff.

James B. Sheehy, Meshbesher & Spence, Ltd., Counsel for Defendant Darron Israel Shelton.

Nancy R. Vanderheider, Vanderheider Law Office, Counsel for Defendant Kenneth Vinson.

Leon A. Trawick, Trawick & Smith, PA, Counsel for Quontrell Martell Banner.

     The above-entitled matter comes before the Court upon the Reports and

Recommendations of United States Magistrate Judge Leo I. Brisbois, dated

August 28, 2014.[1]  [Docket Nos. 91, 92, 93]  The Report recommended denying Defendants' Motions for Severance [Docket Nos. 37, 63, 64]; denying Defendant Banner's Motion to Suppress Evidence Obtained as a Result of Search and Seizure [Docket No. 39]; denying Defendant Shelton's Motion to Suppress Evidence Obtained as a Result of Search and Seizure [Docket No. 50]; denying Defendant Shelton's Motion to Suppress Statements, Admission, and Answers [Docket No. 52]; and denying Defendant Vinson's Motion to Suppress Physical Evidence Obtained as a Result of Illegal Searches, Seizures, or Identification Procedures [Docket No. 55].

Defendants Shelton, Banner, and Vinson, individually and separately filed objections to the Report and Recommendation on September 11, 2014.  [Docket Nos. 97, 95, 96]  Defendants object on several grounds, arguing that the Magistrate Judge erred in finding that the traffic stop was constitutional; that a "felony stop" was permissible under the circumstances; that officers did not conduct a "search" as defined by the Fourth Amendment; and that Defendants had failed to carry their burden in overcoming the preference for joint trial.

---

[1] The Magistrate Judge issued an identical Report and Recommendation to each Defendant (hereafter "the Report" or "the Report and Recommendation").

The Government filed an objection to the Report and Recommendation on September 11, 2014.  [Docket No. 99]  Specifically, the Government objects to the Magistrate Judge's conclusion that probable cause did not support the issuance of three February 3, 2014 buccal swab warrants.  Moreover, the Government seeks to clarify the Report's description of where law enforcement discovered the first of two firearms.

Pursuant to statute, the Court has conducted a <u>de novo</u> review of the findings and recommendations to which an objection was made.  28 U.S.C. § 636(b)(1); Local Rule 72.2(b).  Based upon that review, the Court **ADOPTS** the Report and Recommendation of United States Magistrate Judge Brisbois dated August 28, 2014, subject to the following exceptions.

Due to confusion in the record, the Report and Recommendation understandably misstated the location of the first of the two discovered firearms.  The Report indicates that law enforcement found the first firearm "under the backseat on the passenger side" of the white SUV occupied by Defendants.  (R&R at 4.)  The Government notes that the firearm was actually discovered underneath the front passenger seat.  (<u>See</u> Govt. Ex. 1b at 9:20-9:40.)  The parties do not dispute this fact.

3

The Court also notes the Government's objection to the Magistrate Judge's conclusion that underlying affidavits failed to articulate the probable cause necessary to support issuance of three February 3, 2014, buccal swab warrants. See United States v. Pakala, 329 F. Supp. 2d 178 (D. Mass. 2004) (holding that DNA samples could not have been compelled unless it was first found that the evidence yielded a DNA sample for comparison); but see United States v. Willis, Crim. No. 11-13, 2011 WL 1100127 at *3 (D. Minn. Mar. 14, 2011) report and recommendation adopted, Crim. No. 11-13, 2011 WL 1060981 (D. Minn. Mar. 23, 2011) (finding probable cause supporting issuance of a warrant for defendant's DNA based on the belief that samples of the defendant's DNA, when compared to "potential" samples from defendant's shirt, would furnish evidence of a crime).

The Magistrate Judge stressed that the affidavits neither "state[d] that any DNA had in fact already been recovered from any evidence," nor stated that law enforcement had tested the evidence to "see whether there was any retrievable DNA evidence to which any comparison of the DNA sample seized from Defendants could have been made." (R&R at 25.)

Nevertheless, the Magistrate Judge ultimately concluded that law enforcement's good-faith reliance on the warrants militated against excluding any evidence obtained therefrom.  See United States v. Leon, 468 U.S. 897, 919-20 (1984) (exclusionary rule does not apply "when an officer acting with objective good faith has obtained a search warrant from a judge or magistrate and acted within its scope").

Assuming, without deciding, that probable cause did not exist to support the issuance of the three February 3, 2104, buccal swab warrants, the Court agrees with the Magistrate Judge that the Leon good-faith exception would apply to DNA evidence obtained as a result of issuing the warrants.  Therefore, the Court need not address the Magistrate Judge's reasoning supporting the conclusion that the affidavits failed to establish the requisite probable cause.

Accordingly, based upon the files, records, and proceedings herein**, IT IS HEREBY ORDERED**:

1. The Court **ADOPTS IN PART** and **DECLINES TO ADOPT IN PART** the Reports and Recommendations of United States Magistrate Judge Leo I. Brisbois, dated August 28, 2014 [Docket Nos. 91, 92, 93], as follows:  the Court **DECLINES TO ADOPT** Section III.C.2.b., pp. 23-25, up to but **not** including the final paragraph on p. 25; the Court **DECLINES TO ADOPT** the Report and Recommendation's p. 4 account of the first firearm being found "under the backseat on the

passenger side;" and the Court **ADOPTS** the remainder of the Report and Recommendation.

2. Defendant Banner's Motion for Severance [Docket No. 37] is **DENIED** without prejudice.

3. Defendant Banner's Motion to Suppress Evidence Obtained as a Result of Search and Seizure [Docket No. 39] is **DENIED**.

4. Defendant Shelton's Motion to Suppress Evidence Obtained as a Result of Search and Seizure [Docket No. 50] is **DENIED**.

5. Defendant Shelton's Motion to Suppress Statements, Admissions, and Answers [Docket No. 52] is **DENIED**.

6. Defendant Vinson's Motion to Suppress Physical Evidence Obtained as a Result of Illegal Searches, Seizures, or Identification Procedures [Docket No. 55] is **DENIED**.

7. Defendant Shelton's Motion for Severance [Docket No. 63] is **DENIED** without prejudice.

8. Defendant Vinson's Motion for Severance [Docket No. 64] is **DENIED** without prejudice.

Dated:  October 14, 2014                s/Michael J. Davis
                                                    Michael J. Davis
                                                    Chief Judge
                                                    United States District Court